**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-50043-01 |
| | CIVIL ACTION NO. 09-1429 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHRISTOPHER POWELL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Record Document 29) filed by *pro se* Petitioner Christopher Powell ("Powell"). Powell moves to have his sentence vacated and to be resentenced on the following grounds: (1) ineffective assistance of counsel; (2) incorrect calculation of the base offense level; and (3) incorrect calculation of the Criminal History Category. For the reasons set forth below, Powell's motion is **DENIED**.

**BACKGROUND**

On February 26, 2007, DEA agents searched Powell's residence pursuant to a state search warrant. No drugs were found on the premises. See PreSentence Investigation Report at ¶ 5. However, the agents found a Norinco, Model SKS, 7.62X39 mm semi-automatic rifle in the living room closet. See id. The firearm was found to be capable of expelling a projectile making it a firearm as defined in 18 U.S.C. §921(a)(3). See id. at ¶ 6.

On May 23, 2007, Powell was charged in a Superseding Indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). See Record Document 12. Powell pled guilty pursuant to a written plea agreement on July 13, 2007. See Record Documents 23 and 24. On October 24, 2007, Powell was sentenced to 71 months imprisonment. See Record Documents 26 and 27. Powell did not file a direct

appeal.

On October 14, 2008, Powell filed the instant Section 2255 motion. See Record Document 29. In the motion, Powell asks that his sentence be vacated and that he be resentenced on three grounds: (1) ineffective assistance of counsel; (2) incorrect criminal history category; and (3) incorrect base offense level. See id.

## LAW AND ANALYSIS

**I.    Claims Not Cognizable Under 28 U.S.C. § 2255.**

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time

on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an innocent person.[1] Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

### A. Incorrect Base Offense Level.

Powell argues that the trial court erred in setting his base offense level at 26 under United States Sentencing Guideline § 2K2.1. See Record Document 29 at 5. He maintains that Paragraph 11 of the PreSentence Investigation Report[2] is incorrect because he had

---

[1] To establish "actual innocence" in a case where the petitioner entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995).

[2] Paragraph 11 of the Presentence Investigation Report provides:

> **Base Offense Level.** The guideline for 18 U.S.C. § 922(g)(1) is found in U.S.S.G. § 2K2.1. The defendant possessed a semiautomatic firearm

only sustained one felony conviction of either a crime of violence or a controlled substance. See Record Document 29-1 at 3-4. More specifically, he contends that his conviction for distribution of a Schedule I false representation was not properly considered under Section 2K2.1(a)(1) as a controlled substance offense. See id. at 4.

Powell did not file a direct appeal. Moreover, "a district court's technical application of the Guidelines does not give rise to a constitutional issue." Vaughn, 955 F.2d at 368, citing U.S. v. Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 500 U.S. 924, 111 S.Ct. 2032 (1991). Thus, Powell's claim concerning the application of Section 2K2.1 is not cognizable under Section 2255.

Notwithstanding, his claim lacks merit because his 1999 state court conviction for distribution of a Schedule I false representation is a controlled substance offense.[3] Louisiana law provides that "it shall be unlawful for any person to . . . possess with intent to distribute or dispense any substance which is represented to be a controlled dangerous substance and which is an imitation controlled dangerous substance, or any controlled dangerous substance which is a counterfeit controlled dangerous substance." La. R.S. 40:971.1(A). The punishment for such a violation is imprisonment "with or without hard labor for not more than five years" and a fine of "not more than five thousand dollars." La. R.S. 40:971.1(C). According to the application notes for Section 2K2.1, a controlled

---

capable of accepting a large capacity magazine and he committed the instant offense subsequent to sustained two felony convictions for controlled substance offenses. The base offense level is twenty-six pursuant to U.S.S.G. § 2K2.1(a)(1).

[3]On October 25, 1999, Powell pled guilty to distribution of a Schedule 1 false representation. See PreSentence Investigation Report at ¶ 47.

substance offense has the meaning given in Section 4B1.2(b). See U.S.S.G. § 2K2.1, comment (n. 1). Section 4B1.2(b) provides:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a *counterfeit substance*) or the possession of a controlled substance (or a *counterfeit substance*) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (emphasis added). Thus, the aforementioned analysis relating to both Louisiana law and the United States Sentencing Guidelines clearly establishes that Powell's 1999 conviction was appropriately included for purposes of calculating his base offense level under Section 2K2.1.

### B. Incorrect Calculation of Criminal History Category.

Powell likewise contends that the trial court erred in computing a Criminal History Category of III. See Record Document 29 at 7. Powell argues that the newly amended Section 4A1.2(c)(1)(a) should apply to him and specifically challenges the assessment of criminal history points for three prior convictions. See Record Document 29-1 at 5. He argues that his criminal history category should have been II, not III. See id. at 5-6.

Again, the Court notes that Powell did not file a direct appeal and that the "technical application of the Guidelines does not give rise to a constitutional issue." Vaughn, 955 F.2d at 368. Thus, Powell's claim concerning the calculation of his criminal history category under the Guidelines is not cognizable under Section 2255.

Notwithstanding, Powell's claim relating to the calculation of his Criminal History Category fails on the merits. Powell's lengthy criminal history is outlined in Part B, Paragraphs 22-68 of the Presentence Investigation Report. Powell has fifteen adult

convictions and was assessed six criminal history points, which equates to a Criminal History Category of III. See Presentence Investigation Report at ¶ 58. Powell first challenged the assessment of one criminal history point for his 1997 conviction for misdemeanor unauthorized use of a movable. See id. at ¶ 41. He contends that the conviction should not have counted because he only received fifteen days in jail as his sentence. This argument is misplaced because United States Sentencing Guideline § 4A1.2(c) specifically provides that sentences for misdemeanor and petty offenses are counted. Section 4A1.2(c)(1) lists and carves out certain misdemeanor and petty offenses that should not be included. The listed offenses are only counted if the sentence was a term of probation of more than one year or a term of imprisonment of at least 30 days. Powell's conviction for misdemeanor unauthorized use of a movable is not one of the offenses listed in Section 4A1.2(c)(1). Powell also challenges the assessment of criminal history points for his misdemeanor simple battery conviction in 2000 and his distribution of a Schedule I false representation conviction in 1999. Like unauthorized use of a movable, simple battery is not one of the misdemeanors listed in Section 4A1.2(c)(1). Moreover, as noted in a previous section of the instant ruling, Powell's conviction for distribution of a Schedule I false representation was a felony. Therefore, all three convictions challenged by Powell were correctly included as prior convictions for purposes of the criminal history category calculation.

## II. Ineffective Assistance of Counsel.

The general ruling prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). The

procedural-default rule is a doctrine employed by the courts "to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Requiring a criminal defendant to bring ineffective assistance of counsel claims on a direct appeal promotes neither of these objectives. Moreover, a claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See U.S. v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is properly permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on his claims of ineffective assistance of counsel, Powell must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, Powell must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S.Ct. at 2066. Under the second prong of the Strickland test, Powell must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282

(5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

Failure to establish either Strickland prong defeats the claim. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997). Courts may also analyze the prongs in any order. See Goodwin v. Johnson, 132 F.3d 162, 173 n. 6 (5th Cir. 1997) ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Here, Powell maintains that his counsel was ineffective in seven ways:

(1) failure to object to the application of United States Sentencing Guideline § 2K2.1(a)(1);

(2) failure to postpone sentencing to allow newer version of United States Sentencing Guideline § 1B1.11 to be applied;[4]

(3) failure to file Notice of Appeal;

(4) failure to preserve issues for appeal;

(5) failure to perfect the record;[5]

(6) failure to file any objections to the plea agreement; and

(7) failure to file a timely Notice of Appeal when requested.

Record Document 29-1 at 2-3. The Court has grouped the claims into three categories: guilty plea, sentencing, and appeal.

---

[4]This argument relates to Powell's contention that the newly amended Section 4A1.2(c)(1)(a) should have applied to him, thereby reducing Criminal History Category. See Section I(B) of the instant Memorandum Ruling.

[5]While unclear, it appears that Powell's claim that his attorney failed to perfect the record is synonymous with his claim that his attorney failed to preserve issues for appeal.

### A. Guilty Plea.

Powell contends that his attorney was ineffective for failing to object to the plea agreement. Powell provides no additional argument and/or factual basis for his position. Moreover, the Court's review of the plea package and its notes from the guilty plea reveal no support for this contention. Such "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977).

### B. Sentencing.

Powell claims that his attorney was ineffective for failing to raise the two sentencing issues relating to Sections 2K2.1 and 4A1.2(c)(1)(a) and for failing to preserve these issues for appeal. As discussed *supra*, these two claims relating to Powell's sentencing are meritless. An attorney cannot be ineffective for failing to raise such meritless claims. See Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections.").

### C. Appeal.

In his actual Section 2255 motion, which was made under penalty of perjury, Powell simply states that his attorney failed to file a Notice of Appeal. See Record Document 29 at 4, 13. He gives no further indication as to whether he asked his attorney to file an appeal or whether he even had a discussion with his attorney about the possibility of an appeal. In his Brief in Support of 28 U.S.C. § 2255 motion, Powell contends, in conclusory

fashion, that he asked his attorney to file an appeal and that his attorney failed to do so. See Record Document 29-1 at 3. Powell did not sign his brief under penalty of perjury. See id. at 6.

In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000), the Supreme Court rejected the rule that counsel's failure to file a notice of appeal is *per se* deficient:

> We reject this *per se* rule as inconsistent with Strickland's holding that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."

Id. at 478, 120 S.Ct. at 1035. The law governing an ineffective assistance of counsel claim based on an alleged failure to appeal is straightforward. The Roe Court reasoned that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477, 120 S.Ct. at 1035. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484, 120 S.Ct. at 1039.

Powell's sworn statement regarding his appeal is simply that his attorney "failed to file Notice of Appeal." Record Document 29 at 4. He provides no further detail in his sworn motion. Yet, in an unsworn statement in his brief, Powell makes the one sentence conclusory allegation that he asked his attorney to file an appeal and his attorney did not do so. See Record Document 29-1 at 3. Even construing his allegations liberally, Powell has presented only a unsworn, conclusory allegation that he requested an appeal. His allegation is unsupported by the record and he has failed to show by a preponderance of the evidence that he requested an appeal.

Additionally, this matter is distinguishable from other cases necessitating a

evidentiary hearing. This Court has not decided Powell's appeal issue on the basis of affidavits presented by the Government. See U.S. v. Thomas, No. 99-41025, 2000 WL 729135, *1 (5th Cir. May 15, 2000) ("Contested issues of fact in a § 2255 case may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. . . . Thomas would have been entitled to relief in the form of an out-of-time appeal if her factual allegations were proved true; therefore, an evidentiary hearing was required."). Moreover, Powell did not provide an affidavit or any other form of a sworn statement that he asked his attorney to appeal. See U.S. v. Alvarez, No. 04-40350, 2006 WL 775140, **1 (5th Cir. March 27, 2006) ("Construing Alvarez's allegations liberally, . . . [he] presented a facially adequate claim of ineffective assistance of counsel that involved a contested issue of fact, and contrary to the district court's determination that Alvarez made no sworn statements to support his claim, Alvarez's § 2255 motion was made under penalty of perjury and was, therefore, competent evidence that the district court should have considered."). Thus, based on the foregoing analysis, the Court finds that Powell was not denied effective assistance of counsel relating to an appeal.

## CONCLUSION

Based on the foregoing, the Court finds that Powell's claims relating to ineffective assistance of counsel, incorrect criminal history category, and incorrect base offense level fail. The Section 2255 motion is, therefore, **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the applicant. "Before entering the final order, the

court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because Powell, the applicant, has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of March 2012.